# Exhibit A

Electronically Filed
5/4/2018 3:41 PM
Fourth Judicial District, Ada County
Christopher D. Rich, Clerk of the Court
By: Timothy Lamb, Deputy Clerk

1  LAW OFFICES OF STEPHENSON, ACQUISTO & COLMAN,
   INC.
2  BARRY SULLIVAN, ESQ.      (SBN 9879)
3  JIN HEE PARK             (SBN 10357)
   303 N. Glenoaks Blvd., Suite 700
4  Burbank, CA 91502

5
6  Telephone:  (818) 559-4477
   Facsimile:   (818) 559-5484
7
   Attorneys for Plaintiff
8  SAINT ALPHONSUS REGIONAL MEDICAL CENTER, INC.,
9  an Idaho non-profit corporation

10      IN THE DISTRICT COURT FOR THE FOURTH JUDICIAL DISTRICT FOR

11        THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

12

| 13 | SAINT ALPHONSUS REGIONAL | Case No.: CV01-18-08381 |
|---|---|---|
| 14 | MEDICAL CENTER, INC., an Idaho non-profit corporation | COMPLAINT FOR DAMAGES FOR: |
| 15 | Plaintiff, | 1.  BREACH OF ORAL CONTRACT |
| 16 | vs. | |
| 17 | THE CORVALLIS CLINIC, P.C., an | 2.  BREACH OF IMPLIED-IN-FACT CONTRACT; and |
| 18 | Oregon professional corporation, and HEALTHCARE MANAGEMENT | |
| 19 | ADMINISTRATORS, Inc., a Delaware | 3.  *QUANTUM MERUIT* |
| 20 | corporation; and DOES 1 THROUGH 25, INCLUSIVE, | |
| 21 | | |
| 22 | Defendants. | |

23

24

25  /////

26  /////

27  /////

28  /////

FC 21925                              - 1 -    COMPLAINT FOR DAMAGES FOR: 1. BREACH OF ORAL
                                               CONTRACT; 2. BREACH OF IMPLIED-IN-FACT
                                               CONTRACT; and 3. *QUANTUM MERUIT*

## PARTIES

1.     Plaintiff Saint Alphonsus Regional Medical Center ("Saint Alphonsus") is a non-profit corporation organized and existing pursuant to the laws of the State of Idaho.  Saint Alphonsus has its principal place of operation in the City of Boise, County of Ada, State of Idaho.  Saint Alphonsus provides medical care to patients.

2.     Defendant The Corvallis Clinic, P.C.("Corvallis") is a for-profit corporation organized and existing pursuant to the laws of the State of Oregon.  Corvallis has its principal place of business in the City of Corvallis, County of Benton, State of Oregon.  Corvallis is a physician -led multi-specialty medical clinic group in the Mid-Villamette Valley, Oregon.

3.     Defendant Healthcare Management Administrators, Inc.("HMA") is a for-profit corporation organized and existing pursuant to the laws of the State of Washington.  HMA has its principal place of business in the City of Wilmington, County of New Castle, State of Delaware.  HMA operates as an administrator of health plans in the Pacific Northwest.  It operates as a subsidiary of Regence BlueShield.

4.     Saint Alphonsus is unaware of the true names and capacities, whether corporate, associate, individual, partnership, or otherwise of defendants Does 1 through 25, inclusive, and therefore sues such defendants by such fictitious names.  Saint Alphonsus will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

5.     Corvallis, HMA, and Does 1 through 25, inclusive, shall be

FC 21925

- 2 -

COMPLAINT FOR DAMAGES FOR: 1. BREACH OF ORAL
CONTRACT; 2. BREACH OF IMPLIED-IN-FACT
CONTRACT; and 3. *QUANTUM MERUIT*

1    collectively referred to as "Defendants."

2

3         6.      Defendants, and each of them, at all relevant times, have

4    transacted business in the State of Idaho.  The violations alleged within this

5    complaint have been and are being carried out in the State of Idaho.

6

7         7.      At all relevant times each of the defendants, including the

8    defendants named "Doe," was and is the agent, employee, employer, joint

9    venturer, representative, alter ego, subsidiary, and/or partner of one or more of the

10   other defendants, and was, in performing the acts complained of herein, acting

11   within the scope of such agency, employment, joint venture, or partnership

12   authority, and/or is in some other way responsible for the acts of one or more of the

13   other defendants.

14

15                 **COMMON FACTUAL BACKGROUND**

16

17         8.      Saint Alphonsus is informed and believes and thereon alleges

18   that at all relevant times Patient T.B. (ID No. 9HP000304638)[1] was a member of a

19   health plan organized, sponsored, financed or administered by Defendants.

20

21         9.      Saint Alphonsus is informed and believes and thereon alleges

22   that at all relevant times, Defendants provided, arranged, and/or paid for healthcare

23   services for their beneficiaries and/or members, including but not limited to Patient

24   T.B.

25

26

27    _____

28   [1] In deference to the Patient' privacy concerns enumerated in the Health Insurance Portability & Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320 *et seq.*, Saint Alphonsus has omitted here information sufficient to reveal the identity of Patient.

FC 21925                 - 3 -      COMPLAINT FOR DAMAGES FOR: 1. BREACH OF ORAL CONTRACT; 2. BREACH OF IMPLIED-IN-FACT CONTRACT; and 3. *QUANTUM MERUIT*

10.     Saint Alphonsus is informed and believes and thereon alleges that on or about September 6, 2015, Patient T.B. presented to the emergency room of Saint Alphonsus.  The correct insurance information was provided to Saint Alphonsus on or about September 10, 2015.

11.     On or about September 11, 2015, Saint Alphonsus called and spoke with a representative of Defendants who verified that Patient T.B. was enrolled in Defendant's health plan.  Saint Alphonsus notified Defendants of Patient T.B.'s inpatient admission and obtained the treatment authorization number 257033 from Defendants.  The authorization was for the medically necessary services, supplies and/or equipment for inpatient level of care.

12.     Saint Alphonsus reasonably relied upon the verification and authorization provided by Defendants, and rendered emergency trauma care and other medically necessary services, supplies, and/or equipment to Patient T.B.

13.     As noted above, on paragraph 10, Saint Alphonsus was not able to obtain the insurance information until four days after the admission.  On or about September 15, 2015, a representative from Defendants called Saint Alphonsus requesting clinical documents for Patient T.B.  She advised that the late notification was waived or excused because it was due to the patient's condition.

14.     Saint Alphonsus's usual and customary charges for the emergency trauma care and other medically necessary services, supplies, and/or equipment rendered to Patient T.B. amounted to $624,689.30.

15.     Saint Alphonsus timely and properly billed Defendants for the medically necessary trauma services, supplies, and/or equipment it rendered to

1  Patient T.B.

2

3      16.     Rather than properly paying Saint Alphonsus for the emergency

4  trauma care and medically necessary services, supplies, and/or equipment Saint

5  Alphonsus rendered to Patient T.B. during the dates of service from September 06,

6  2015 to October 09, 2015, Defendants have failed to pay the full amount owed on

7  the basis that the treatment provided to the patient was experimental or the charges

8  were disallowed because they were bundled in the room and board charges.

9

10      17.     As a result of the failure of Defendants to properly pay Saint

11 Alphonsus for the emergency trauma care and the medically necessary services,

12 supplies and/or equipment Saint Alphonsus rendered to Patient T.B., Saint

13 Alphonsus has been damaged in an amount to be proven at trial but not less than

14 the sum of $530,985.91, exclusive of interest.

15

16                  **FIRST CAUSE OF ACTION**

17                    (Breach of Oral Contract)

18                      (Against Defendants)

19

20      18.     Saint Alphonsus incorporates by reference and re-alleges

21 paragraphs 1 through 17 here as though set forth in full.

22

23      19.     On or about the time Saint Alphonsus admitted Patient T.B.,

24 Saint Alphonsus contacted Defendants' representatives to verify patient's

25 eligibility and coverage under the Defendants' health plan.

26

27      20.     In response, Defendants' agents orally represented that Patient

28

FC 21925                                    - 5 -   COMPLAINT FOR DAMAGES FOR: 1. BREACH OF ORAL
                                                    CONTRACT; 2. BREACH OF IMPLIED-IN-FACT
                                                    CONTRACT; and 3. *QUANTUM MERUIT*

1   T.B. was an eligible beneficiary under Defendants' health plan and advised that the
2   inpatient co-insurance was 20%.  It is custom and practice in the health care
3   industry, that co-insurance of certain percentage means that the member pays the
4   co-insurance percentage portion and the health plan pays the rest of the total billed
5   charges.

7          21.    Defendants' agents further provided authorization for Saint
8   Alphonsus to render medically necessary services, supplies, and/or equipment to
9   Patient T.B.

11         22.    Based on the confirmation of eligibility, manner of payment
12   under the health plan, and authorization provided by Defendants' agents, Saint
13   Alphonsus rendered medically necessary care to Patient T.B.  In other words, Saint
14   Alphonsus and Defendants' entered into an oral contract regarding the rendering of
15   medical care and payment for medical care to be rendered to Patient T.B.

17         23.    Saint Alphonsus has performed all conditions required by it on
18   its part to be performed in accordance with the terms and conditions of the oral
19   contract.

21         24.    Defendants' breached the oral contract by failing to fully pay
22   Saint Alphonsus the amount due for the medical care given to the Patient.

24         25.    As a direct and proximate result of Defendants' breach, Saint
25   Alphonsus suffered damages in the amount of $309,255.68, which is the remaining
26   balance of eighty percent (80%) of the total billed charges.

28   /////

## SECOND CAUSE OF ACTION

(Breach of Implied-In-Fact Contract)

(Against Defendants)

26.    Saint Alphonsus incorporates by reference and re-alleges paragraphs 1 through 17 here as though set forth in full.

27.    At any time during the patient's stay, Defendants could have requested that the patient be moved to another facility if they deemed it appropriate. During the course of the stay at Saint Alphonsus, there was extensive communication between the parties regarding this patient and Defendants, at no point, requested a transfer or discharge of Patient T.B.

28.    It is custom and practice in the health care industry that during the inpatient stay of the patient the health care provider regularly sends clinical documents of the admitted patient to the health care insurance to update the authorization. This is called concurrent medical review.

29.    Through their conduct of verifying eligibility, authorizing treatment at Saint Alphonsus and not discharging or transferring Patient T.B. to another facility despite concurrent medical review, impliedly agreed to enter into an agreement concerning the provision of medical services and the payment for the provision of said services.

30.    As is custom and practice in the health care industry, sometimes hospitals and health plans form contracts through their conduct even though they do not exchange express promises, contracts under which a hospital agrees to render medically necessary health care to a member of a health plan and in return

1  the health plan agrees to pay for such health care at the hospital's regular rates in

2  place at the time or at a discounted rate through a network contract.  Such implied-

3  in-fact contracts can arise from a variety of manifested conduct which includes,

4  among other things, when a hospital calls up the health plan to ask for

5  authorization of care for a particular member of that health plan, provides

6  concurrent review during the hospital stay and the plan continues to provide

7  authorization for the medical services, supplies and equipment or when a hospital

8  renders medical care to a health plan's member in an emergency situation.

9

10      31.    Here, Saint Alphonsus and Defendants both understood and

11  impliedly agreed that when Saint Alphonsus renders medically necessary care to a

12  member of Defendants, then Defendants shall reimburse Saint Alphonsus at 80%

13  of the total billed charges.

14

15      32.    Defendants, and/or its agents, acknowledged the need for

16  medical care for Patient T.B. and requested that Saint Alphonsus provides

17  medically necessary services to Patient T.B. by issuing an authorization number

18  and extending the authorization during the 33 days of Patient T.B.'s stay at Saint

19  Alphonsus.

20

21      33.    By such conduct (verification of eligibility and the manner of

22  payment under the health plan, and authorization), it was understood between Saint

23  Alphonsus and Defendants that, in exchange for Saint Alphonsus providing

24  medically necessary care to Patient T.B., Defendants would pay Saint Alphonsus

25  80% of the total billed charges.

26

27      34.    Saint Alphonsus in providing authorized medical treatment to

28  Patient T.B., Defendants' beneficiary, has fully satisfied all of its obligations to

FC 21925                              - 8 -        COMPLAINT FOR DAMAGES FOR: 1. BREACH OF ORAL
                                                   CONTRACT; 2. BREACH OF IMPLIED-IN-FACT
                                                   CONTRACT; and 3. *QUANTUM MERUIT*

1   Defendants in accordance with the terms and conditions of the above-described

2   implied-in-fact contract.

3

4        35.    Defendants, on the other hand, have not satisfied their

5   respective obligations to Saint Alphonsus by failing to fully reimburse Saint

6   Alphonsus for the services rendered to Patient T.B.

7

8        36.    As a result of the breach of the implied-in-fact contract by

9   Defendants, Saint Alphonsus has suffered damages in an amount to be proven at

10  trial according to proof but which is not less than $309,255.68, which is the

11  remaining balance of eighty percent (80%) of the total billed charges.

12

13  ### THIRD CAUSE OF ACTION

14  *(Quantum Meruit)*

15  (Against Defendants)

16

17       37.    Saint Alphonsus incorporates by reference and re-alleges

18  paragraphs 1 through 17 here as though set forth in full.

19

20       38.    Based upon Defendants' agent's representations and

21  authorization for medical treatments and based on the custom and practice of the

22  health care industry, which Saint Alphonsus reasonably relied, Saint Alphonsus

23  rendered medically necessary care to Patient T.B.

24

25       39.    Because the Defendants not only confirmed coverage, but also

26  authorized the medically necessary services provided to Patient, and did not

27  discharge or transfer the patient despite the concurrent medical review during the

28  33 days of the hospital stay, such conduct is tantamount to a request by Defendants

1    to confer the benefit of treatment provided by Saint Alphonsus to Patient T.B.

2

3          40.    Acting pursuant to Defendants' implied and/or express request,

4    Saint Alphonsus provided Patient with medically necessary services, supplies

5    and/or equipment.

6

7          41.    The aforementioned assurances and representations by

8    Defendants, obstructed Saint Alphonsus from pursuing other avenues of

9    reimbursement before rendering treatment to Defendants health plan's Patient.

10

11          42.    By providing such medically necessary care, Saint Alphonsus

12   conferred a benefit upon Defendants because it allowed Defendants to make good

13   on promises made to Patient T.B. that the patient would receive and be covered for

14   medically necessary treatment, and ensure that Defendants would only be

15   financially liable for services that were medically appropriate.

16

17          43.    Saint Alphonsus requested for payment from Defendants for its

18   usual and customary value of $624,689.30 for rendering medically necessary care

19   to Patient T.B., but Defendants failed to pay the full amount.

20

21          44.    As a direct and proximate result of the aforementioned

22   misrepresentations by Defendants, Saint Alphonsus was induced to render medical

23   care and has suffered substantial detrimental damages in the sum of $530,985.91.

24

25   /////

26   /////

27   /////

28

FC 21925                                  - 10 -    COMPLAINT FOR DAMAGES FOR: 1. BREACH OF ORAL
                                                    CONTRACT; 2. BREACH OF IMPLIED-IN-FACT
                                                    CONTRACT; and 3. *QUANTUM MERUIT*

## **PRAYER FOR RELIEF**

WHEREFORE, Saint Alphonsus prays for judgment as follows:

WHEREFORE, Saint Alphonsus prays for judgment as follows:

For the First Cause of Action stated herein:

     1.    for the principal sum of $309,255.68;

     2.    for all costs of suit incurred herein; and

     3.    for interest on such principal sum at the rate of 12% per annum, pursuant to Idaho Code 28-22-104;

For the Second Cause of Action stated herein:

     4.    for the principal sum of $309,255.68;

     5.    for all costs of suit incurred herein; and

     6.    for interest on such principal sum at the rate of 12% per annum, pursuant to Idaho Code 28-22-104;

For the Third Cause of Action stated herein:

     7.    for the principal sum of $530,985.91.

     8.    for all costs of suit incurred herein; and

     9.    for interest on such principal sum at the rate of 12% per annum, pursuant to Idaho Code 28-22-104.

/////

/////

/////

/////

Dated: May 4, 2018

STEPHENSON, ACQUISTO &
COLMAN, INC.

*Jin Hee Park*

JIN HEE PARK
Attorneys for
SAINT ALPHONSUS REGIONAL
MEDICAL CENTER, INC.,
an Idaho non-profit corporation

COMPLAINT FOR DAMAGES FOR: 1. BREACH OF ORAL
CONTRACT; 2. BREACH OF IMPLIED-IN-FACT
CONTRACT; and 3. *QUANTUM MERUIT*